*10 MEMORANDUM BY THE COURT
The right of the plaintiff to recover the first three items set out in the conclusion of law is not now contested. The fourth item, which is contested, involves the use of the Chicago-Cairo route as a proper basis for equalizing land grant.
On this point the record is unsatisfactory and leaves room for a possibility that the question may not in fact be correctly determined.
If the agreement of the Seaboard Air Line Eailway as set out in Finding IY is controlling, equalization with the Chicago-Cairo route was unauthorized because not a “ usually traveled route ” between points of origin and destination.
The equalizing agreement participated in generally by the railroads, quoted from in Finding IV and found in full in the Manual of the Quartermaster Corps, volume 2, page 223, makes different provisions as to passenger and freight transportation and, as to the latter, does not contain the words “ usually traveled route.” It is for construction if uncertain in its application and, in the absence of a specific showing as to its applicability, a reasonable construction must prevail.
There is no showing that the deductions made on the basis of the Chicago-Cairo route were from a lawful rate *11 filed with the Interstate Commerce Commission applying from point of origin to destination, and applicable as against either the L. & N. or the Seaboard. Recognition of this route for land-grant purposes by and its use as against another carrier is not necessarily of force.
The use of this route for equalization purposes in the absence of a showing does not appeal. It is excessive in its roundabout character and increased mileage. The defendant, upon this question and to sustain its contention, furnishes the testimony of a witness whose theory is that when a railroad company signs an equalization agreement, it agrees to equalize “ with any kind of a route you can imagine or construct.” Such a view can not be accepted. It is unreasonable.
It is not intended hereby to hold anything with reference to the use of the route in question as an equalizing route to the extent of establishing a controlling precedent. We determine only this case.